UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20811-BLOOM/Louis

RIM M. TURSOM,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER ON MOTION TO REOPEN CASE

**THIS CAUSE** is before the Court upon Proposed Intervenor Progressive Express Insurance Company's ("Intervenor") Motion to Reopen Administratively Closed Case, ECF No. [31] ("Motion"), which seeks to reopen this previously settled case so that the Intervenor may move to intervene and assert its subrogation claim against the United States. The United States filed a Response in opposition, ECF No. [32] ("Response"), the Intervenor subsequently filed a Reply, ECF No. [33] ("Reply"). Plaintiff Rim Tursom ("Plaintiff"), however, does not object to the Motion. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

    **I.  BACKGROUND**

Plaintiff initiated this action under the Federal Torts Claims Act ("FTCA") on February 25, 2020. ECF No. [1]. The discovery period closed one year later on February 23, 2021. ECF No. [12]. On February 24, 2021, the United States filed a Notice of Settlement, ECF No. [28], and the Court administratively closed the case that same day, ECF No. [29]. On March 4, 2021, the Intervenor filed the instant Motion, which seeks to reopen this case so that the Intervenor may file a motion to intervene so that it may pursue its subrogation claim against the United States. ECF

No. [31]. The Intervenor also attaches its proposed motion to intervene and corresponding intervenor complaint to the Motion. *See* ECF No. [31-1].

## II. ANALYSIS

In the instant Motion, the Intervenor argues that this Court should reopen this case because administrative closures are not final orders that affect a court's jurisdiction. Therefore, the Intervenor contends that this case should be reopened to allow it to step into Plaintiff's shoes to pursue its subrogation claim against the United States. Although it fails to address the law regarding the propriety of reopening this case in its Response, the United States nonetheless argues that the Motion should be denied because the Intervenor has no right to subrogation and this Court therefore lacks jurisdiction to hear its proposed claims against the United States. Upon review, the Court concludes that the Intervenor's Motion is due to be denied, but not for the reasons provided by the United States in its Response.

> As the [Court of Appeals for the] First Circuit has noted, "an administrative closing has no effect other than to remove a case from the court's active docket and permit the transfer of records associated with the case to an appropriate storage repository." *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999). Designating a case "closed" does not prevent the court from reactivating a case either of its own accord or at the request of the parties. *Id.*

*Fla. Ass'n for Retarded Citizens, Inc. v. Bush*, 246 F.3d 1296, 1298 (11th Cir. 2001). "In no event does such an order bar a party from restoring the action to the Court's active calendar upon an appropriate application." *Lehman*, 166 F.3d at 392 (quoting *In re Aritration. Between Phila. Elec. Co. v. Nuclear Elec. Ins. Ltd.*, 845 F. Supp. 1026, 1028 (S.D.N.Y. 1994)). "Nor is the power to resurrect reserved to the parties. The court, too, retains the authority to reinstate a case if it concludes that the administrative closing was improvident or if the circumstances that sparked the closing abate." *Id.* Consequently, an order administratively closing a case "d[oes] not terminate the underlying case, but, rather, place[s] it in inactive status until such time as the judge, in [her]

discretion or at the request of a party, chose[s] either to reactivate it or to dispose of it with finality." *Id.*

In its Motion, the Intervenor correctly describes the law regarding administratively closed cases. The Intervenor fails, however, to address one critical aspect of reopening an administratively closed case—namely, who may reopen a case that has been administratively closed.[1] As *Bush* and *Lehman* make clear, the Court may reopen an administratively closed case on "its own accord or at the request of *the parties*." *Bush*, 246 F.3d at 1298 (emphasis added). Here, the Intervenor is not yet a party to the case. Additionally, the Intervenor's Motion fails to supply the Court with any supporting legal authority for its request, as a non-party, to reopen this case in order to intervene in a matter that has been litigated by the parties for a year, especially where the discovery period has now closed and the parties have settled their dispute.[2] Absent any support for the proposition that a proposed intervenor, as a non-party, can move to reopen a case at such a late stage—after discovery has closed and after the parties have agreed to settle the matter in full—the Court concludes that the Intervenor's Motion is due to be denied.

---

[1] Although the United States failed to submit any law or analysis on the propriety of reopening the instant case after it has been administratively closed upon the parties' notification of settlement, the Court finds it more appropriate to address the instant Motion at the procedural posture it is currently in, rather than prematurely delving into the merits of the proposed motion to intervene.

[2] "The premise of our adversarial system is that . . . courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them." *Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir. 1983). "When parties do not fully develop their arguments and support them with citation to legal authority, the burden upon the Court is improperly increased." *Melford v. Kahane & Assocs.*, 371 F. Supp. 3d 1116, 1126 n.4 (S.D. Fla. 2019). However, "the onus is upon the parties to formulate arguments." *Resol. Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). And, generally, a "litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him." *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (internal quotation omitted); *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").

Case No. 20-cv-20811-BLOOM/Louis

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [31]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 26, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record