UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20811-BLOOM/Louis

RIM M. TURSOM,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER ON MOTION FOR INTERVENTION

**THIS CAUSE** is before the Court upon Intervenor Progressive Express Insurance Company's ("Intervenor") Motion for Intervention. ECF No. [37] ("Motion"). The United States filed a response in opposition to the Motion, ECF No. [39] ("Response"), to which the Intervenor replied, ECF No. [45] ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I.  BACKGROUND**

On February 25, 2020, Plaintiff initiated this action against the United States, asserting a claim under the Federal Tort Claims Act ("FTCA"). *See* ECF No. [1]. One year later, on February 23, 2021, the discovery period closed. *See* ECF No. [12]. On February 24, 2021, the United States filed a Notice of Settlement, ECF No. [28], and the Court administratively closed the case that same day, *see* ECF No. [29]. On March 4, 2021, the Intervenor filed a motion seeking to reopen the case so that it could intervene and pursue its subrogation claim against the United States. *See* ECF No. [31]. On April 27, 2021, the Court denied the request to reopen this case, explaining that the Intervenor had not submitted "any supporting legal authority for its request, as a non-party, to

reopen the case in order to intervene in a matter that ha[d] been litigated by the parties for a year, especially where the discovery period ha[d] [] closed and the parties ha[d] settled their dispute." ECF No. [34] at 3 (footnote omitted). On May 12, 2021, the parties filed a Joint Motion to Reopen, ECF No. [35], which sought to reopen this case because they were unable to resolve their disputes. On May 13, 2021, the Court granted the Joint Motion to Reopen and rescheduled the remaining pre-trial deadlines and trial dates. *See* ECF No. [36].

The Intervenor now files the instant Motion, which seeks to intervene in this case so that it may pursue its subrogation claim against the United States. The Intervenor explains that, at the time of the accident in this case, it issued an insurance policy that provided uninsured motorist benefits in the amount of $1,000,000.00 combined single limit. *See* ECF Nos. [37-3] & [37-4]. The Intervenor moves to intervene in this case in order to recover the subrogated amounts paid to Plaintiff pursuant to the uninsured motorist policy. The United States opposes the intervention, arguing that this Court lacks jurisdiction to entertain the Intervenor's claims. It argues that the United States is not an uninsured motorist and it has not waived sovereign immunity under the FTCA for subrogation claims by non-party insurers to recover uninsured motorist payments.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 24 sets forth two types of intervention: (1) intervention of right, and (2) permissive intervention.

> **(a) Intervention of Right**. On timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

2

>   **(b) Permissive Intervention**.
>
>> **(1)** *In General*. On timely motion, the court may permit anyone to intervene who:
>>
>>> (A) is given a conditional right to intervene by a federal statute; or
>>> (B) has a claim or defense that shares with the main action a common question of law or fact.
>
> . . . .
>
>> **(3)** *Delay or Prejudice*. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(a)-(b).

In this Circuit,

> [a] party seeking to intervene as of right under Rule 24(a)(2) must show that: (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit.

*Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). "If [the intervenor] establishes each of the four requirements, the district court must allow him to intervene." *Id.*; *see also Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996) ("Once a party establishes all the prerequisites to intervention, the district court has no discretion to deny the motion." (quoting *United States v. State of Ga.*, 19 F.3d 1388, 1393 (11th Cir. 1994))).

"The [United States] Supreme Court has held that the timeliness of a motion to intervene is a threshold factor that must be satisfied before the other factors should be considered." *Hollywood Cmty. Synagogue, Inc. v. City of Hollywood, Fla.*, 254 F. App'x 769, 771 (11th Cir. 2007) (citing *NAACP v. New York*, 413 U.S. 345, 365 (1973) ("If [a motion to intervene] is untimely, intervention must be denied. Thus, the court where the action is pending must first be

satisfied as to timeliness.")). A district court, whether considering intervention as of right or by permission, must consider four factors in assessing the timeliness of the intervention:

> (1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*United States v. Jefferson Cnty.*, 720 F.2d 1511, 1516 (11th Cir. 1983).

"Intervention of right is only available if the interest asserted is 'direct, substantial, [and] legally protectable.'" *Huff v. Comm'r of IRS*, 743 F.3d 790, 796 (11th Cir. 2014) (quoting *Athens Lumber Co. v. Fed. Election Comm'n*, 690 F.2d 1364, 1366 (11th Cir. 1982)). In other words, "the intervenor must be at least a real party in interest in the transaction which is the subject of the proceeding." *Id.* The Court of Appeals for the Eleventh Circuit has held that a legally protectable interest "is something more than an economic interest." *United States v. S. Fla. Water Mgmt. Dist.*, 922 F.2d 704, 710 (11th Cir. 1991) (citation omitted). "What is required is that the interest be one which the substantive law recognizes as belonging to or being owned by the applicant." *Id.* (internal quotation marks omitted) (citation omitted). "Thus, a legally protectable interest is an interest that derives from a legal right." *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005).

Moreover, to permissibly intervene under Rule 24(b)(1)(B), an intervenor must show that "(1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common." *Chiles*, 865 F.2d at 1213. "The 'claim or defense' portion of the rule has been construed liberally, and indeed the Supreme Court has said that it 'plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest

4

Case 1:20-cv-20811-BB Document 61 Entered on FLSD Docket 08/09/2021 Page 5 of 11

Case No. 20-cv-20811-BLOOM/Louis

in the subject of the litigation.'" *In re Estelle*, 516 F.2d 480, 485 (5th Cir. 1975)[1] (quoting *Sec. & Exch. Comm'n v. U.S. Realty & Imp. Co.*, 310 U.S. 434, 459 (1940)). The intervening party, however, "must demonstrate more than a general interest in the subject matter of the litigation before intervention should be allowed." *Alexander v. Hall*, 64 F.R.D. 152, 157 (D.S.C. 1974). When exercising its discretion, a district court "can consider almost any factor rationally relevant but enjoys very broad discretion in granting or denying the motion [to intervene]." *Daggett v. Comm'n on Governmental Ethics & Election Prac.*, 172 F.3d 104, 113 (1st Cir. 1999).

### III. DISCUSSION

The Intervenor now moves for mandatory and permissive intervention to protect and prosecute its subrogation claim relating to uninsured motorist payments it made to its insured. Specifically, the Intervenor argues that it is the real party in interest in this case because it paid off Plaintiff's entire debt and ultimately perfected its subrogation rights. The Intervenor also contends that the United States is an uninsured motorist under § 627.727(1), Fla. Stat.,[2] and that it may properly intervene in this case to recover all sums paid to the insured under the uninsured motorist insurance policy. The United States responds and argues that this Court lacks subject-matter jurisdiction to hear the Intervenor's claims. The United States notes that it has not waived

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

[2] The uninsured motorist statute states that

> No motor vehicle liability insurance policy which provides bodily injury liability coverage shall be delivered or issued for delivery in this state with respect to any specifically insured or identified motor vehicle registered or principally garaged in this state unless uninsured motor vehicle coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom.

Fla. Stat. § 627.727(1).

sovereign immunity from suit for claims filed by an insurer which seek to litigate its subrogation rights pursuant to an uninsured motorist policy after issuing payments to the insured under this policy. Absent a clear waiver of sovereign immunity, the United States argues that the Intervenor's Motion must be denied for lack of jurisdiction.

"[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Hercules Inc. v. United States*, 516 U.S. 417, 422-23 (1996) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)). Indeed, "the United States may condition its consent to waive sovereign immunity 'as broadly or narrowly as it wishes, and according to whatever terms it chooses to impose.'" *Ill. Metro. Inv. Fund v. United States*, 773 F. App'x 540, 541-42 (11th Cir. 2019) (quoting *Zelaya v. United States*, 781 F.3d 1315, 1321-22 (11th Cir. 2015)). Courts "must strictly observe the 'limitations and conditions upon which the Government consents to be sued' and cannot imply exceptions not present within the terms of the waiver." *Zelaya*, 781 F.3d at 1322 (quoting *Soriano v. United States*, 352 U.S. 270, 276 (1957)). "If there is no specific waiver of sovereign immunity as to a particular claim filed against the Government, the court lacks subject matter jurisdiction over the suit." *Id.* (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475-76 (1994)).

The Federal Tort Claims Act "is a specific, congressional exception to the general rule of sovereign immunity[.]" *Maradiaga v. United States*, 679 F.3d 1286, 1292 (11th Cir. 2012).

> With respect to certain tort claims, the FTCA waives this "traditional all-encompassing immunity" under particular circumstances. *Douglas v. United States*, 814 F.3d 1268, 1280 (11th Cir. 2016) (Tjoflat, J., concurring) (quoting *Rayonier Inc. v. United States*, 352 U.S. 315, 319 (1957)). As relevant [here,] . . . § 2674 of the FTCA provides that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, *in the same manner and to the same extent as a private individual under like circumstances*." 28 U.S.C. § 2674 (emphasis added). A related jurisdictional statute grants the district courts . . . "exclusive jurisdiction of civil actions on claims against the United States . . . for personal injury or death . . . under circumstances *where the United States, if a private person, would be liable to the claimant in accordance with the*

6

> *law of the place where the act or omission occurred.*" 28 U.S.C. § 1346(b)(1) (emphasis added) . . . . In other words, two relevant provisions of federal law work together to "preclude liability of the federal government absent a showing by the plaintiff that a private individual . . . in like circumstances[] would be liable for the particular tort under governing state law where the tort occurred." *Zelaya*, 781 F.3d at 1323.[3]

*Hurst v. U.S. by & through Dep't of the Agric. U.S. Forest Serv.*, 782 F. App'x 978, 980-81 (11th Cir. 2019); *see also Hunter v. United States*, 825 F. App'x 699, 701 (11th Cir. 2020) ("In the absence of a cause of action under the FTCA, however, the United States preserves its sovereign immunity, and the district court lacks jurisdiction to adjudicate the case."); *Ochran v. United States*, 273 F.3d 1315, 1317 (11th Cir. 2001) (explaining "that unless the facts support liability under state law, the district court lacks subject matter jurisdiction to decide an FTCA claim"); *Lawrence v. Dunbar*, 919 F.2d 1525, 1528 (11th Cir. 1990) ("Unless, according to the law of Florida, the United States could be liable for this alleged tort . . . if it were a private person, then not only is the sovereign's immunity intact, but the district court is without subject matter jurisdiction and must dismiss the suit.").

The party asserting the FTCA claim bears the burden of demonstrating that a private individual in like circumstances would be liable for the tort at issue under governing state law. *Zelaya*, 781 F.3d at 1323. "In FTCA actions, liability is determined under the law of the state in which the alleged negligence occurred." *Robinson v. United States*, 462 F. App'x 885, 886 (11th Cir. 2012).[4] Nonetheless, "state law cannot expand the waiver of sovereign immunity in the Federal Tort Claims Act[.]" *Maradiaga*, 679 F.3d at 1292-93.

---

[3] As the Eleventh Circuit has explained, "[t]he FTCA was not intended to create new causes of action; nor was it intended as a means to enforce federal statutory duties. Instead, Congress's chief intent in drafting the FTCA was simply to provide redress for ordinary torts recognized by state law." *Howell v. United States*, 932 F.2d 915, 917 (11th Cir. 1991) (citation omitted).

[4] "As the alleged tort here occurred in Florida, Florida tort law applies." *Stone v. United States*, 373 F.3d 1129, 1130 (11th Cir. 2004).

In addressing the instant Motion, the Court must determine whether the United States is akin to an uninsured motorist under Florida law such that it has waived sovereign immunity on the Intervenor's subrogation claims to recover uninsured motorist benefits. As the question of whether the United States has waived sovereign immunity implicates this Court's subject-matter jurisdiction, it must be resolved first before the Court can proceed to the merits of the request to intervene and the validity of the Intervenor's subrogation rights.

The Court has previously addressed whether, under the FTCA, the United States is akin to an uninsured motorist such that it is liable for reimbursement of uninsured motorist benefits that the Intervenor paid to Plaintiff. *See State Farm Fla. Ins. Co. v. United States*, No. 17-cv-60369, 2017 WL 3115747, at *2-3 (S.D. Fla. July 21, 2017) ("*State Farm*"). In *State Farm*, "the Court [found] that the United States [was] more like an owner or operator of an insured vehicle, rather than self-insured, because . . . the United States provides unlimited coverage to injured tort victims through the FTCA." *Id.* at *3. In reaching this conclusion, the Court looked to the reasoning of the Supreme Court of Florida in *Young v. Progressive Southeastern Insurance Company*, 753 So. 2d 80, 85 (Fla. 2000), and to *Rogers v. United States*, No. 14-21474-CIV, 2016 WL 4805920, at *1 (S.D. Fla. Feb. 24, 2016).

In *Young*, the Supreme Court of Florida explained that, "[p]ursuant to Florida's uninsured motorist statutory scheme, motorists are considered uninsured when they lack liability insurance or possess liability insurance with limits of liability lower than the damages sustained by the policy-holder." *Young*, 753 So. 2d at 87; *see also Brown v. Progressive Mut. Ins. Co.*, 249 So. 2d 429, 430 (Fla. 1971) ("The purpose of the uninsured motorist statute is to protect persons who are injured or damaged by other motorists who in turn are not insured and cannot make whole the injured party. The statute is designed for the protection of injured persons, not for the benefit of insurance companies or motorists who cause damage to others."). Thus, the central inquiry when

determining a party's status as an uninsured motorist is whether the liability insurance coverage is sufficient to fully compensate an injured party for the damages sustained. *See Young*, 753 So. 2d at 86; *see also* Fla. Stat. § 627.727(3).

Moreover, this inquiry is consistent with the reasoning in *American Fire & Casualty Company v. Boyd*, 357 So. 2d 768, 769 (Fla. 1st DCA 1978), which the Intervenor argues is dispositive here. *Boyd* involved a liability insurance policy that excluded coverage under certain circumstances, and this exclusion applied to the car accident at issue. In concluding that the tortfeasor's vehicle was an "uninsured vehicle," the court in *Boyd* explained that,

> Although [the tortfeasor] had procured a policy of insurance, that policy afforded no coverage because of the exclusionary clause; and the mere fact that [the tortfeasor] was in such a position as to cause to be invoked by his negligence the provisions of the Federal Tort Claims Act does not mean that he is thereby "insured" within the meaning of the statute.

*Id.* The holding in *Boyd* does not stand for the proposition, as the Intervenor argues, that the United States is an uninsured motorist in all circumstances. Rather, consistent with the holdings in *Young* and *State Farm*, the reasoning in *Boyd* further confirms that "an insurer only owes uninsured motorist benefits for damages *exceeding* the limits of self-insurer's liability." *Rogers*, 2016 WL 4805920, at *4 n.4 (emphasis in original); *see also State Farm*, 2017 WL 3115747, at *3. The United States cannot be described as an uninsured motorist because "the FTCA provides *unlimited* liability coverage to injured tort victims." *Rogers*, 2016 WL 4805920, at *4 n.4 (emphasis in original); *see also State Farm*, 2017 WL 3115747, at *3.

Moreover, this conclusion was recently reaffirmed by a Florida appellate court, which explained:

> Because the tortfeasor's liability limits would cover the amount of damages claimed by [the injured party], the tortfeasor does not qualify as an uninsured or underinsured motorist under the clear language of the statute . . . . This conclusion is consistent with prior decisions from this court in which we have reversed judgments entered against UM insurers because the damages did not exceed the

9

> amounts available under the tortfeasors' liability coverages. *See State Farm Mut. Auto. Ins. Co. v. Vecchio*, 744 So. 2d 570, 570 (Fla. 2d DCA 1999) (holding "that the trial court erred in entering a judgment for the plaintiffs [under their UM policy] when they failed to prove that their damages exceeded the tortfeasor's policy limits"); *State Farm Mut. Auto. Ins. Co. v. Moher*, 734 So. 2d 1088, 1088 (Fla. 2d DCA 1999) ("Because [insured's] settlement with the second [tortfeasor] exceeded the amount of damages found by the jury, UM coverage is not applicable in this case."); *State Farm Mut. Auto. Ins. Co. v. Ferro*, 581 So. 2d 605, 606 (Fla. 2d DCA 1991) (holding that "once it was established that the [insureds'] damages were less than the policy limits of the tortfeasors' primary insurance coverage, and this is uncontested, it was also established that the [insurer] had no liability to the [insureds]").
> . . . . [This] holding is consistent with the purpose of the UM statute, which is to compensate an insured "for a deficiency in the tortfeasor's personal liability insurance coverage." *Allstate Ins. Co. v. Morales*, 533 So. 2d 952, 953 (Fla. 5th DCA 1988) (citing *Dewberry v. Auto-Owners Ins. Co.*, 363 So. 2d 1077 (Fla. 1978)); *see Moher*, 734 So. 2d at 1088 ("UM coverage is excess coverage and 'pays over and above the tortfeasor's liability coverage should said coverage be inadequate to fully compensate the injured insured.'" (quoting *Gov't Emps. Ins. Co. v. Brewton*, 538 So. 2d 1375, 1376 (Fla. 4th DCA 1989)); *Meadows v. Progressive Cas. Ins. Co.*, 601 So. 2d 1285, 1286 (Fla. 5th DCA 1992) (noting that UM "coverage is over and above and does not duplicate the benefits available to the insured")).

*Neff v. Prop. & Cas. Ins. Co. of Hartford*, 133 So. 3d 530, 532-33 (Fla. 2d DCA 2013).

As the Intervenor cannot establish that the United States was an uninsured or underinsured motorist, the Court concludes that it cannot properly pursue its subrogation claims because the United States remains immune from suit under the FTCA. *See Allstate Ins. Co. v. Boynton*, 486 So. 2d 552, 557 (Fla. 1986) (noting that in making a "claim against his UM carrier instead of suing the tortfeasor," the insured "has a policy prerequisite, namely, proof that the tortfeasor is uninsured"); *Vigilant Ins. Co. v. Kelps*, 372 So. 2d 207, 208 (Fla. 3d DCA 1979) ("[N]o UM coverage exists if the offending motorist is not actually un-or underinsured." (citing *Hayston v. Allstate Ins. Co.*, 290 So. 2d 67 (Fla. 3d DCA 1974))). As a result, this Court lacks subject-matter jurisdiction to hear the Intervenor's claims and the Motion must be denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Progressive Express Insurance Company's Motion for Intervention, **ECF No. [37]**, is **DENIED**. The Intervenor's Motion for Final Summary Judgment, **ECF No. [57]**, is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 9, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record